

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00370-CR

---

**AKEEM DENOISE DYE, APPELLANT**

V.

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 27th District Court
Bell County, Texas[1]
Trial Court No. 78148, Honorable John T. Gauntt, Presiding

---

June 14, 2021

## MEMORANDUM OPINION

### Before PIRTLE and PARKER and DOSS, JJ.

Akeem Denoise Dye, appellant, was convicted of two offenses and sentenced to prison. In addition, the trial court assessed a $25 "time payment fee" against appellant. *See* TEX. LOCAL GOV'T CODE ANN. § 133.103 (West 2008).[2] On appeal, appellant

---

[1] Originally appealed to the Third Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Under Texas Rule of Civil Procedure 41.3, we follow the precedent of the transferor court in the event of a conflict between that court's precedent and our own. TEX. R. APP. P. 41.3.

[2] Section 133.103 of the Texas Local Government Code was "redesignated" as article 102.030 of the Texas Code of Criminal Procedure and amended by Acts of June 15, 2019, 86th Leg., R.S., ch.1352, §§ 2.54, 4.40(33), 2019 Tex. Gen. Laws 3981, 4010, 4035.

challenged the constitutionality of this fee.  *See Dye v. State*, No. 07-19-00370-CR, 2020 Tex. App. LEXIS 7501, at *3-4 (Tex. App.—Amarillo Sept. 16, 2020, pet. ref'd) (mem. op., not designated for publication).  We sustained appellant's point and modified the trial court's judgment to reflect that only a portion of the fee could be assessed by the district clerk.  *Id.* at *4.

The Court of Criminal Appeals granted review on the issue of whether the time payment fee should be struck as prematurely assessed.  In light of its recent decision in *Dulin v. State*, Nos. PD-0856-19, PD-0857-19, 2021 Tex. Crim. App. LEXIS 273, at *11 (Tex. Crim. App. Mar. 31, 2021), the court vacated our judgment and remanded the case.

In *Dulin*, the Court of Criminal Appeals held that the pendency of an appeal stops the clock for purposes of the time payment fee.  *Id.*  Thus, the assessment of the fee in appellant's case is premature.  *Id.*  Accordingly, the fee should be struck in its entirety.[3] We modify the trial court's judgment to delete the time payment fee of $25, without prejudice to its assessment later, if warranted.  We affirm the judgment as modified.


Judy C. Parker
Justice


Do not publish.

---

[3] As the Court of Criminal Appeals explained in *Dulin*, "Whether the time payment fee will be reimposed later is speculative at this point because [appellant] could avoid the statutory conditions for imposing the fee by choosing to pay his monetary obligations on time.  And there is an available statutory remedy to challenge the time payment fee, if it is ever imposed.  TEX. CODE CRIM. PROC. [ANN.] art. 103.008(a) [(West 2018)]."  *Id.* at *4 n.29.

2